Good morning, Ms. Gilbert. Good morning, Your Honors. Your Honor, I brought this appeal because the district court erred in using the Illinois single refiling rule 735 ILCS 5 backslash 13-217 in dismissing plaintiff's complaint as untimely. As Your Honors might know, the action, the state refiling rule provides the action is voluntarily dismissed by the plaintiff or the action is dismissed for want of prosecution. The plaintiff, his or her errors may commence a new action within one year or within the remaining filing period of limitation. What happened here is the pro se plaintiff filed three complaints and the city came up with an argument that their second complaint, what they were calling Singer 2, was related to the first complaint and constituted an inappropriate second refiling. And they're saying you can't have two bites of the apple. Well here, Singer 2, and that's the pro se plaintiff, sued his neighbors, the Condo Association, and a law firm representing the Condo Association for a variety of things. He said that since 2012 up until the present time they had harassed and discriminated against him based on his Judaism disability and committed ongoing violations of insurance fraud and allowing an illegal roof deck to be erected. Judge, this is night and day, or Your Honors, this is night and day from the original pro se complaint that was one page that Brian Singer filed against one police officer, Michael Cooney, and the Chicago Police Department. What about paragraph 7 of Singer 2 that refers to the city of Chicago and the police officers and specifically notes the plaintiff is reserving his right to amend the complaint to add the city as well as the police officers who were involved in the events of October of 2015, which are the exact same events that were subject to Singer 1. I acknowledge that, Your Honor, and what he was attempting to do was reserve his right for a future filing at a future date, which was exactly what Singer 3 was. Can I ask you while we're on the Singer 2 complaint for just a moment, can you look at paragraph 12? I think, to my mind, the only way to explain 12A, you see it there? I don't, Your Honor. I can tell you what it is. 12 is where he lists his injuries, paragraph 12, and he says in 12A, permanent injury to lumbar, cervical, left shoulder, hospital bills, etc. Remember that? Yes, I do. The only way to explain that, in my view, is I don't think his contention in Singer 2 is somehow that the named defendants personally injured him, physically injured him, and caused him to incur $15,000 of medical bills. I think that has to be a reference to the physical injuries that are coming out of the altercation with the police department. I think it has to be, and the only reason I say that is because it links to 1 and then it links to 3 that way. So, he had to have believed that the named defendants, who you recounted for us, somehow caused those injuries such that they're on the hook to compensate him for them, because I don't know why else he would have included it. Well, first of all, these pro se complaints need to be liberally construed in favor of the plaintiff, and these are form complaints, right? This is some sort of form that's put out by the United States District Court here in the Northern District. I get all that, though. Can you just focus on what I'm asking you? What I'm asking you is, is 12A a reference to injuries that you believe he incurred from anybody other than the police department? No, I think I would concede that 12A appears to be his physical injuries from the excessive use of force by Michael Cooney. However, I don't think that that one line should be used against him in a pro se complaint when it's clear that the named defendants in this case, the first complaint in state court, and the third complaint in this federal district court were Michael Cooney, and that was clear as day. But why doesn't that go, the paragraph that Judge Scudder just identified seems to go consistent with what he said in paragraph 7, where he's claiming that the named defendants in Singer 2 helped cause their actions, and misfeasance, including false police reports, helped incite the CPT officers to engage in this conduct. It seems when you put those two together, the injuries caused by the police officers and the allegation that the actions of the named plaintiff helped incite, cause, whatever verb you want to use, the police officers here to engage in the conduct at issue, that that has alleged the same thing. Your Honor, I think he simply reserves the right to bring this at a different time, which is exactly what Singer 3 is, and I think that... Then why seek damages for that conduct? Well, he's seeking damages for a myriad of injuries, but he lists those damages. However, it's clear that the dates are different, the named defendants are different, the nature of the claim, Singer 2 is so detailed, he attaches an addendum that says exactly how the condo association, the neighbors, and the law firm wronged him, and it attaches this very, very detailed description of what they did. Rather, the complaint at law is a one-page piece of paper filed in state court, and then Singer 3 is the form complaint that alleges conduct just by Michael Cooney and the Chicago Police Department. I think under liberal pleading standards, and additionally to the saving clause, 735 ILCS 5-13-2.7, both of those are supposed to be liberally construed to give the plaintiff a cause of action on the merits of his claim. I'm at my reserved time, so thank you. Yeah, you want to save the rest of your time? No problem. Okay, very well. Mr. Smith, good morning. May it please the court. Illinois law allows a plaintiff who has voluntarily dismissed his complaint one, and only one, opportunity to refile it. The narrow question at issue in this appeal is whether in dismissing Mr. Singer's complaint, the district court correctly applied that single refiling rule. In the Illinois Supreme Court's controlling decision in First Midwest Bank v. Cobo makes quite clear that the district court's application was correct. So I'd like to begin with Cobo, because I think there's a really important point embedded in the analysis there, which is that it held that the test for the refiling rule borrows just one of the three elements of res judicata, not final judgment on the merits, not identity of the parties, only identity of the cause of action. So I believe opposing counsel has suggested that changing the defendants in Singer 2 somehow rendered it a different case, a different cause of action for purposes of the refiling rule. But Cobo could have also borrowed the identity of the parties element of res judicata, but it did not. All that's required is identity of the cause of action, which in turn means the operative facts have to be the same. And as this court has suggested, at least in relevant part, Singer 2 clearly did contain the same operative facts as Singer 1. And just to briefly reiterate, I think there's three important elements of Singer 2 to emphasize. The first is the contention that the condominium association defendants made false police reports, which resulted in the arrest for an alleged kidnapping. So that's the connection between those defendants and then the arrest, that issue in Singer 1. It goes on to describe the conduct of the police officers, even if they weren't named there, including that they allegedly knocked out Mr. Singer and that he awoke in a hospital after being released from custody. And finally, it has that damages request related to the permanent injury to the shoulder slash cervical slash lumbar, I think is the specific wording there. And as you pointed out, Judge Scudder, that could only relate to the excessive force, because of course there are other claims raised in Singer 2. So his mistake here, if he made one, is he just simply omitted the defendants. He admitted the police officer defendants, the city, that way. And as Ms. Gilbert is pointing out, that has to be because he's not trained as a lawyer. So he comes in here with the condominium association folks and the neighbors, principally on a discrimination theory. Why shouldn't the latitude around pro se pleading save this? Because the third complaint is filed within the year. That's correct. I would make two points there. One, I think his litigation strategy in Singer 2 actually rebuts that it was a mistake, because he has admitted in his own briefing in this case, that he actually retained counsel in Singer 2 after he initially filed it. And this is on docket 152 at page three. It's one of his filings in the district court. And that counsel in that case actually began to subpoena the city, quote unquote, aggressively, to identify the identities of the police officers involved. So he was pro se initially, but he later retained counsel, and counsel was taking steps towards actually adding those defendants as he reserved the right to. Was counsel retained before or after he filed Singer 2? It was after. But I think that point rebuts any contention that it was just merely a mistake. He clearly was taking affirmative steps to add those defendants before he decided to voluntarily dismiss it. But I would also add that this seems to be a slight misapplication of the liberal construction rule that applies when a court is trying to ascertain whether the factual allegations of a pro se litigants complaint can be read to state a cause of action. But that's not exactly what we're dealing with here. Here we're dealing with a clear procedural rule. And whether he was pro se or not, he's still bound by the rule. Illinois courts have held that. This court has held that. And at bottom, he had just the one opportunity to refile Singer 1. And whether he was pro se or not, he brought a complaint with those key operative facts about the arrest and the alleged excessive force used. And that's really the end of the analysis. I'd also like to raise a related point that counsel suggests that the single refiling rule has to be liberally construed in favor of hearing complaints. I would point out that their contention here is not actually a liberal construction of the rule. Because the single refiling rule often provides a benefit to plaintiffs, allowing that extra opportunity even for the one year outside of the statutory limitations period. Now, they're arguing for construction where you don't get that chance if you've named different defendants or a broader course of conduct. So it's actually a pretty limited view of the rule. We just happen to be in this sort of awkward case where Mr. Singer is arguing both for and against application of the refiling rule. And I think the only other point I would like to emphasize is that counsel has suggested that there is a broader course of conduct at issue in Singer too. There's, of course, the insurance claims and the discrimination claims. But the fact that there's those unrelated allegations does not bar application of the single refiling rule because the operative facts are there in part. And for that, in our brief, we cite that the last court case, that's an Illinois appellate court decision, but it was actually favorably cited in Cobo. And they have not presented any Illinois authority to the contrary. So just to briefly note the facts of that case, the contentions are pretty different, but the procedural posture is actually quite similar. There is here, there were three filings at issue. All of the filings set forth a tortious interference with contract or with business claim. But the second case had a much broader course of conduct alleged. It also had federal antitrust claims and claims based on WICO and a supposed murder for hire plot. So clearly the second of the three complaints did have the relevant claim, but it also had much broader facts and contentions raised. But that in the last court did not bar application of the single refiling rule. And the third complaint there turned out to be excessive refiling as it is here. All that matters is that Mr. Singer had the one opportunity to refile and he used it when he brought the Singer two case containing the same operative facts as Singer one, which is the alleged false arrest for the supposed kidnapping and the alleged excessive force that followed when he was in custody. So that ends the analysis. So if there are no further questions, I will relinquish the remainder of my time and just respectfully request that this court affirm the judgment of the district court. Thank you. Very well. Thank you, Mr. Smith. Ms. Gilbert, you have some time remaining. You're welcome to use it. Thank you. Um, the case cited by the city actually helps us. The COVO in that case, the court said this test treats separate claims as the same cause of action. If they arise from a single group of operative facts, the court should approach this inquiry pragmatically, giving way to such considerations as whether the facts are related in time space or origin or motivation, whether they form a convenient trial unit and whether their treatment as a unit conforms to the party's expectations or business understanding or usage. Your honors here, Singer two has a myriad of allegations ranging from false insurance claims to the rest was for criminal trespass to, uh, property. And he puts that out in Singer to how he suffers from the disability of natural hypocrisy, where he can't stay up and he was sleeping in the hallway some way, somehow, and he was arrested and charged with criminal trespass, different defendants, different years, different allegations, completely different allegations. And because the pro se plaintiff mistakenly reserved his right to refile, and he's talking about refile from his state court action, Singer three, that should not be held against him. In this interpretation of the Illinois Savings Clause, obviously you can't speculate about how the clause should be used. It is how it should be applied here and how it should be applied here is he had the Singer three was the only other refiling. It was within one year of the state court complaint. The judge got it wrong in the district court, and I would say you need to reverse that decision and give him a chance on the merits. Thank you. Okay, Miss Gilbert. Thanks to you again, Mr Smith. Thanks to you and your colleague. We'll take the appeal under advisement.